UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.  20-mc-44-JFW (KS)                                              Date: April 16, 2020

Title  *In re Subpoena to M.L.*

Present: The Honorable:    Karen L. Stevenson, United States Magistrate Judge

|  Gay Roberson  |  N/A  |
| --- | --- |
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:            Attorneys Present for Defendants:

**Proceedings:  (IN CHAMBERS) ORDER PROVISIONALLY DENYING APPLICATION TO FILE CASE UNDER SEAL [Dkt. No. 1]**

On April 15, 2020, counsel for Plaintiffs Ira Kleinman, as personal representative of the Estate of David Kleinman, and W&K Info Defense Research, LLC (together, "Plaintiffs") filed an Application for Leave to File Case Under Seal pursuant to Local Rule 79-5.2.1(a)(ii) (the "Application").  (Dkt. No. 1.)  On the same date, Plaintiffs filed, preemptively under seal, a Joint Stipulation Under Local Rule 37-2 Regarding Plaintiffs' Motion to Compel Compliance with Subpoena ("Joint Stipulation").  (Dkt. No. 2.)  On April 16, 2020, presiding District Judge, the Honorable John F. Walter, referred this matter to Magistrate Judge Karen L. Stevenson.  (Dkt. No. 8.)

For the reasons discussed below, Plaintiffs' Application is provisionally DENIED, without prejudice to Plaintiffs' re-submitting the Application consistent with this Order.

### THE APPLICATION

The Application's caption page seeks an order sealing the entire case pending in this district.  (Application at 1.)  More particularly, Plaintiffs seek an order sealing:  (1) the entirety of the Joint Stipulation filed in support of Plaintiffs' Motion to Compel compliance with a subpoena issued pursuant to Rule 45 to a non-party witness, M.L.,[1] by the United States District Court for the Southern District of Florida (the "Subpoena") in connection with an action pending in that district, *Ira Kleinman, et al. v. Craig Wright*, Case No. 9:18-cv-80176 (the "Florida

---

[1]     Because of the confidentiality and safety concerns raised in the Application with respect to the witness's identity the Court here uses only the witness's initials, pending final resolution of the sealing issues.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   20-mc-44-JFW (KS)                                              Date: April 16, 2020

Title   *In re Subpoena to M.L.*

Action"); (2) a supporting declaration of Velvel Freedman; and (3) ten separate exhibits filed in support of the Joint Stipulation.  (*Id.* at 5.)

Plaintiffs argue that sealing is appropriate here because of personal safety concerns raised by the third-party witness that potential testimony about, among other things, ownership of a cryptocurrency address, the amount of any such currency held at that address, and the date and nature of transactions, could place the witness and/or their immediate family members at risk. (*Id.* at 4.)  Plaintiffs explain that the subject of testimony sought by the Subpoena is as sensitive as bank account information, and because of "the highly sensitive nature of information regarding the ownership of [cybercurrency] addresses and the potential that [the witness's] relationship with a particular [] address could be discerned if Plaintiffs' Motion to Compel were disclosed, good cause exists to seal that motion." (*Id.* at 1.)

### LEGAL STANDARD FOR SEALING DOCUMENTS

A party seeking to seal a judicial record must overcome a strong presumption in favor of access to court records.  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016).  Unless a particular court record is one "traditionally kept secret," a "strong presumption in favor of access" is the starting point.  *Kamakana v. City & Cnty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006).  A party seeking to seal a judicial record must overcome this presumption by demonstrating "compelling reasons" supported by specific factual findings that outweigh the history of access to judicial records and the public policies favoring disclosure. *Id.* at 1178-79 (internal citations omitted).  In considering a request to seal, the Court must "conscientiously balance[ ] the competing interests" of the public and the party seeking to keep the judicial records secret.  *Foltz v. State Farm Mut. Auto. Ins. Co.,* 331 F.3d 1122, 1135 (9th Cir. 2003).

Rule 26(c) of the Federal Rules of Civil Procedure authorizes a district court to override the presumption of public access when "good cause" is shown.  *See* FED. R. CIV P. 26(c) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including [*inter alia*]: . . . (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way.").
//

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   20-mc-44-JFW (KS)                                                             Date: April 16, 2020

Title   *In re Subpoena to M.L.*

     Further, the Ninth Circuit has carved out an exception to the "compelling reasons" standard for sealing materials attached to a nondispositive motion. *Kamakana,* 447 F.3d at 1180 (citing *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002)).  In such cases, a party seeking to keep secret documents that are (1) subject to a protective order under Federal Rule of Civil Procedure 26(c)(1) and (2) attached to a nondispositive motion such as a discovery motion, a party need only show "good cause." *Ctr. for Auto Safety*, 809 F.3d at 1097; *see also Phillips*, 307 F.3d at 1213 ("When a court grants a protective order for information produced during discovery, it already has determined that 'good cause' exists to protect this information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality.").  Even when a protective order is in place, the Court must undertake a "good cause" analysis with respect to the *particular* documents for which an application seeks an order to seal. *Kamakana,* 447 F.3d at 1180; *and see SmartMetric, Inc. v. Mastercard Int'l, Inc.*, Case No. CV 11-7126-MWF (AJWx), 2013 WL 12114448, at *2 (C.D. Cal. Nov. 1, 2013) (stating that a party seeking order to seal "must make a *particularized showing of good cause* with respect to each individual document" (emphasis added)).

     Given the strong public policy in favor of public filings, the Court declines to abdicate its responsibility to ensure that good cause underlies the under-seal filing of a nondispositive motion or its related documents.

**DISCUSSION**

**A.  Plaintiffs' Request to File Entire Case Under Seal is DENIED**

     As an initial matter, the Court notes that the caption page of the Application purports to seek an order of the Court sealing the entire case file in this district. (Application at 1.)  While Plaintiffs' concerns for the safety of the third-party witness and his/her family may indeed provide good cause to seal some or all of the Joint Stipulation in support of the motion to compel compliance with the Subpoena issued in the Florida Action, these arguments provide no basis to seal the entire case.  As outlined above, the "good cause" standard applies to nondispositive discovery motions, such as the Joint Stipulation at issue here. *Ctr. for Auto Safety*, 809 F.3d at 109.  Indeed, all of the authorities Plaintiffs cite in support of the request to seal pertain to sealing particular documents, information, addresses and phone numbers, and/or specific discovery motions or portions thereof. (*Id*. at 2-3.)  To the extent Plaintiff wish to seal the entire

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   20-mc-44-JFW (KS)                                        Date: April 16, 2020

Title      *In re Subpoena to M L*

case, Plaintiffs have not made any showing, compelling or otherwise, sufficient to persuade this Court that an order sealing the entirety of this miscellaneous action in this district is warranted.[2]

### B. Plaintiffs Make No Particularized Showing of Good Cause to Seal the Exhibits and/or the Joint Stipulation

Turning now to the Joint Stipulation, to satisfy the good cause standard for sealing, Plaintiffs must make a particularized showing as to the specific documents and/or information that should be withheld from the public record. *Kamakana,* 447 F.3d at 1180; *SmartMetric, Inc.*, 2013 WL 12114448, at *2 (providing that a party seeking an order to seal "must make a particularized showing of good cause with respect to each individual document").  Here, Plaintiffs have not made such a showing.  Rather, they seek wholesale sealing of the Joint Stipulation, even portions that do not disclose any potentially sensitive information about the witness or the proposed deposition testimony.  Plaintiffs also seek to file under seal all ten exhibits submitted in support of the Joint Stipulation, even though seven of the ten exhibits are orders issued by the District Judge in the Florida Action that are already part of the public judicial record in that action.

Specifically, Exhibit 1 to the Joint Stipulation is an Order from the Southern District of Florida ruling on Plaintiffs' Motion to Compel that appears to already have redactions of some sensitive information, while Exhibit 2 is a January 10, 2020 Order from the Florida Action vacating part of a Magistrate Judge's order in a discovery dispute. (Joint Stipulation, Exs. 1, 2 [Dkt. No. 2].)  This Court's review of Exhibit 2 found nothing in that order that discloses addresses or keys for any cryptocurrency or any mention of the non-party witness who is the subject of Subpoena.  Exhibit 6 is an Order Setting Trial and Pretrial Schedule in the Florida Action; Exhibit 7 is an Amended Order Setting Trial and Pretrial Schedule; Exhibit 8 is an Order on Plaintiff's Motion for Extension of Discovery Cut-off and Continuance of Trial Date; Exhibit 9 is an Order re: Plaintiff's Motion for Extension of Pretrial Deadlines and Continuance of Trial Date; and Exhibit 10 is an Order Amending Scheduling Order.  (*Id.*, Exs. 6, 7, 8, 9, 10 [Dkt. No. 2].)  Plaintiffs make no showing whatsoever why these judicial records that are already publicly disclosed as part of the record in the Florida Action warrant sealing in this proceeding.

//

---

[2]   It is questionable whether a Magistrate Judge would even have jurisdiction to enter an order sealing the entire case unless the parties had fully consented in writing to proceed before the Magistrate Judge.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   20-mc-44-JFW (KS)                                                   Date: April 16, 2020

Title       _In re Subpoena to M.L._

      That said, Plaintiffs explain in the Application that the very "fact that the [witness] has information concerning that [cryptocurrency] address is highly sensitive." (Application at 1.) This and the facts presented regarding risks to the safety of the witness provide good cause to seal exhibits or portions thereof that may disclose personally identifying information about the witness. This analysis applies to Exhibits 3, 4, and 5 to the Joint Stipulation. Exhibit 3 is the Subpoena to the non-party witness revealing their name and home address. Plaintiffs have shown good cause why this information warrants sealing, but the proper form of the submission with the Joint Stipulation is to provide a redacted version of the document. Similarly, Exhibit 4, is a Google map apparently from an internet search. To the extent this Exhibit 4 discloses a personal address, that information can and should be properly redacted. Finally, Exhibit 5 is an Affidavit of Service relating to Subpoena, which includes the name, physical description, and personal address of the person to be served. The personally identifying information in Exhibit 5 can be properly redacted for purposes of submitting the document in support of the Joint Stipulation. But Plaintiffs have made no showing to support sealing the document in its entirety as submitted with the Joint Stipulation.

      The Court does not dismiss out of hand Plaintiffs' representations about potential safety concerns for the non-party witness in connection with providing testimony pursuant to the Subpoena, but Plaintiffs have not made an adequate showing to justify the indiscriminate sealing of the entire Joint Stipulation and/or all the related exhibits. The Court expresses no opinion at this time on the merits of the Joint Stipulation.

      Accordingly, the Application to Seal is provisionally **DENIED unless within three (3) Court days of the date of this order, Plaintiffs either: (1) resubmit the Application with appropriately redacted versions of the Joint Stipulation and Exhibits, 3, 4, and 5; or (2) shows good cause, in writing, why** the **entirety** of the Joint Stipulation and each of the individual Exhibits accompanying Plaintiff's Motion to Compel **should be filed under seal**. If Plaintiffs have not filed any such response by the applicable date, the Clerk is directed to file the unredacted documents in the public record.

      **IT IS SO ORDERED**.

                                                                                                               :
**Initials of Preparer**   gr