# EXHIBIT 2

**ROCHE CYRULNIK FREEDMAN LLP**
KATHERINE ESKOVITZ (SBN 255105)
158 26th Street, Suite 175
Santa Monica, CA 90403
Telephone: (929) 457-0050
keskovitz@rcfllp.com

VELVEL (DEVIN) FREEDMAN (Fla. Bar. No. 99762)
200 S. Biscayne Blvd, Suite 5500
Miami, FL 33131
Telephone: (305) 357-3861
vel@rcfllp.com

Attorneys for IRA KLEIMAN, as Personal Representative of the Estate of David Kleiman, and W&K INFO DEFENSE RESEARCH, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| IN RE SUBPOENA TO ▮▮▮ | Misc. Case No. 20-MC-_____ |
| IRA KLEIMAN, as the personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> CRAIG WRIGHT, <br><br> Defendant. | Underlying Litigation: <br> Case No. 9:18-cv-80176-BB <br> United States District Court <br> Southern District of Florida <br><br> **[DISCOVERY MATTER]** <br><br> **FILED UNDER SEAL** <br><br> **JOINT STIPULATION UNDER LOCAL RULE 37-2 REGARDING PLAINTIFFS' MOTION TO COMPEL COMPLIANCE WITH SUBPOENA** <br><br> Judge: TBD <br> Hearing Date: TBD <br> Hearing Time: TBD <br> Courtroom: TBD <br><br> Discovery Cutoff: May 1, 2020 <br> Pretrial Conference: TBD <br> Trial Date: July 6, 2020 |

JOINT STIPULATION REGARDING MOTION TO COMPEL

1    Pursuant to Federal Rule of Civil Procedure 45, Local Rule 45-1, and Local Rule 37-2,
2  Ira Kleiman, as personal representative of the Estate of David Kleiman, and W&K Info Defense
3  Research, LLC (collectively, "Plaintiffs") and ▇▇▇▇▇▇▇ respectfully submit the following
4  Joint Stipulation Regarding Plaintiffs' Motion to Compel Compliance with Subpoena.
5  Although the parties have resolved their dispute regarding ▇▇▇▇ compliance with the
6  subpoena at issue, they respectfully seek an order from the Court reflecting that agreement.  If
7  the Court were to decline to issue that order or were to decline to enter the sealing order being
8  sought concurrently, ▇▇▇▇ states that he would have no choice but to stand on his
9  objections to the subpoena as doing so would be essential to protect the privacy and physical
10  safety interests of ▇▇▇▇ ▇▇▇▇▇▇▇.

## I. INTRODUCTORY STATEMENTS

### a. Plaintiffs' Introductory Statement

Ira Kleiman, as personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC (collectively, "Plaintiffs") commence this action to enforce a deposition subpoena (the "Subpoena") issued pursuant to Federal Rule of Civil Procedure 45 to ▇▇▇▇▇▇▇ by the United States District Court for the Southern District of Florida in connection with an action pending in that district, *Ira Kleiman et al. v. Craig Wright*, No. 9:18-cv-80176-BB (S.D. Fla.) (the "Florida Action").  Although the Subpoena initially requested that ▇▇▇▇ sit for a deposition on April 2, 2020, Plaintiffs and ▇▇▇▇ have subsequently reached an agreement regarding ▇▇▇▇ deposition.  Plaintiffs bring this motion to obtain an order consistent with that agreement.

In February 2018, Ira Kleiman, as personal representative of the Estate of David Kleiman, commenced the Florida Action against Dr. Craig Wright in the United States District Court for the Southern District of Florida. *See Kleiman v. Wright*, No. 9:18-cv-80176-BB (S.D. Fla. Feb. 14, 2018), ECF No. 1.  The complaint in the Florida Action was subsequently amended to add W&K Info Defense Research, LLC as a plaintiff.  *See id.*, ECF No. 24.  In the

1  Florida Action, the Plaintiffs allege, among other things, that Dr. Wright misappropriated
2  billions of dollars of bitcoin and intellectual property from Plaintiffs.
3        Accordingly, one issue in the Florida Action is whether Dr. Wright misappropriated
4  bitcoin from Plaintiffs.  The court in the Florida Action has found that evidence of Dr. Wright's
5  bitcoin holdings is relevant to that issue.  (*See* Declaration of Velvel (Devin) Freedman
6  ("Freedman Decl."), Ex. 1, at 4-5.)  In particular, as Plaintiffs argued there, information
7  regarding Dr. Wright's bitcoin holdings would assist Plaintiffs in identifying and tracing bitcoin
8  that Dr. Wright allegedly misappropriated.  (*See* Freedman Decl., Ex. 2, at 3-4.)
9        Over the course of the Florida Action, Dr. Wright has produced a number of documents
10  suggesting that he controls certain bitcoin addresses. Plaintiffs believe ▮▮▮▮▮▮
11  ▮▮▮▮▮▮▮▮▮▮.  More specifically, Plaintiffs believe that ▮
12  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
13  ▮▮▮ (1) would help support Plaintiffs' claims and (2) would demonstrate that certain
14  documents produced by Dr. Wright in the Florida Action are forgeries.
15        Accordingly, on March 9, 2020, Plaintiffs caused the Subpoena to be issued to ▮
16  ▮.  (*See* Freedman Decl., Ex. 3.)  The Subpoena stated on its face that it was issued by the
17  United States District Court for the Southern District of Florida, in connection with *Ira Kleiman*
18  *et al. v. Craig Wright*, Civil Action No. 9:18-cv-80176.  (*Id.*)  It requested that ▮▮ sit for
19  a deposition on April 2, 2020, at the offices of Boies Schiller Flexner LLP in Santa Monica,
20  California.  (*Id.*)  That location is within 100 miles of ▮▮▮▮
21  ▮▮.  (*See* Freedman Decl., Ex. 4.)  The Subpoena further provided that the deposition was
22  to be recorded "[s]tenographically and vidoegraphically."  Finally, the Subpoena included the
23  text of Federal Rule of Civil Procedure 45(c), (d), (e), and (g), and was signed by Mr.
24  Freedman, an attorney for Plaintiffs who is admitted to practice in the Southern District of
25  Florida, where the Florida Action is pending.  (*See* Freedman Decl., Ex. 3.)
26        On March 12, 2020, ▮▮▮ was personally served with the Subpoena and tendered
27  $140 in witness fees.  (*See* Freedman Decl., Ex. 5.)
28

-2-

JOINT STIPULATION REGARDING MOTION TO COMPEL

1    After ▓▓▓ was served, Plaintiffs and ▓▓▓, through their respective counsel,
2  met and conferred regarding the Subpoena. (*See* Freedman Decl. ¶ 8.) Over the course of those
3  discussions, ▓▓▓ raised certain objections. In particular, ▓▓▓ expressed his view that
4  the nature of the testimony Plaintiffs sought was extremely sensitive, would intrude on the
5  privacy interests of ▓▓▓ and could subject ▓▓▓ to potential physical
6  danger. For example, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
7  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.

8    In early April, and after extensive meet and confers to settle this objection, Plaintiffs and
9  ▓▓▓ agreed that ▓▓▓ would comply with the Subpoena, provided that the deposition
10  was subject to certain reasonable limitations given the extremely private and sensitive nature of
11  the information Plaintiffs are seeking from ▓▓▓. (*Id.* ¶ 9.) Those limitations are:

12    1.    ▓▓▓ shall sit for a deposition in the Florida Action on or before April 30,
13  2020;
14    1.    Due to the ongoing COVID-19 pandemic, the deposition of ▓▓▓ shall take
15  place via telephone (with no video) and take NO MORE than 20 minutes on the record;
16    2.    Plaintiffs shall have ten minutes to depose ▓▓▓;
17    3.    The subject of the deposition shall be strictly limited to ▓▓▓▓▓▓▓▓▓
18  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
19  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓;
20    4.    Any cross-examination of ▓▓▓ shall be limited to ten minutes and the
21  subjects described in the preceding paragraph;
22    5.    The transcript of the deposition (the "Transcript") shall be designated, either by
23  Plaintiffs or ▓▓▓ as "Highly Confidential – Attorneys' Eyes Only" under the Stipulated
24  Confidentiality Order governing the Florida Action;
25    6.    To protect ▓▓▓ privacy interests, and any risk to the physical safety of ▓▓▓
26  ▓▓▓ and his family, in the event the Transcript is attached to any filing in the Florida Action,
27  Plaintiffs are to make best efforts to file the Transcript under seal and to advise ▓▓▓
28

-3-

JOINT STIPULATION REGARDING MOTION TO COMPEL

1 | counsel if this filing occurs, or if the confidentiality designation is ever challenged so they can
2 | intervene if necessary; and
3 |     7. To further protect ████ privacy interests, in the event that the Transcript is
4 | used at trial, Plaintiffs are to make best efforts to seal the courtroom, and obtain an instruction
5 | from the Southern District of Florida that the jury is not to hold all information from the
6 | Transcript confidential and not repeat any of that information.
7 |     These conditions are reflected in the Proposed Agreed Order Granting Plaintiffs' Motion
8 | to Compel Compliance with Subpoena. Plaintiffs seek an order that the restrictions agreed by
9 | Counsel adequately balance Plaintiffs' need for the information and ████ need for
10 | privacy.
11 |     **b.** ████ **Introductory Statement**
12 | ████ agrees with Plaintiffs' statement with the caveat, if the protections sought by
13 | this motion are denied, and by the accompanying motion to seal, ████ would have no
14 | choice but to stand on his objections to the subpoena to protect his and his family's privacy and
15 | personal safety interests. Plaintiffs are seeking highly confidential/private information ████
16 | ████. There are extremely serious privacy and
17 | safety consequences to ████.
18 | Public knowledge of these facts could ████, as well as
19 | encourage ████
20 | ████
21 | ████. This, of course, is completely separate and apart from the fact that this
22 | information reveals ████. In fact, due to the public nature of
23 | ████
24 | ████
25 | ████.
26 | Clearly this incredibly sensitive and private information needs to be protected.
27 |     Consequently, while ████ stands ready to fulfil his obligations under the subpoena
28 | issued by the Southern District of Florida, he needs to ensure that compliance will not put

-4-

JOINT STIPULATION REGARDING MOTION TO COMPEL

himself, his family, or his business associates at risk. To that end, counsel has negotiated an agreement that sufficiently balances the need for this information in the underlying matter and ▇▇▇ privacy concerns and similarly seek an order that the restrictions agreed by Counsel adequately balance Plaintiffs' need for the information and ▇▇▇ need for privacy and personal safety.

## II. CONTENTIONS

### a. Plaintiffs' Contentions and Points of Authority

Federal Rule of Civil Procedure 45 "governs discovery of nonparties by subpoena." *Fujikura Ltd. v. Finisar Corp.*, No. 15-mc-80110, 2015 WL 5782351, at *2 (N.D. Cal. Oct. 5, 2015). Pursuant to that rule, a court may compel compliance with "a valid, properly served Rule 45 subpoena." *S.L. v. Upland Unified Sch. Dist.*, No. 18-cv-2122, 2019 WL 8163805, at *1-3 (C.D. Cal. Oct. 4, 2019) (compelling witness to sit for deposition).

To be valid, a subpoena must comply with the requirements set forth in Rule 45(a) and (c). *See SEC v. Chen*, No. 15-cv-7425, 2016 WL 7469679, at *1 (C.D. Cal. Sept. 21, 2016). Rule 45(a)(1) requires that the subpoena "state the court from which it was issued," "state the title of the action and its civil-action number," "command each person to whom it is directed to do" a specified act (*e.g.*, attend and testify or produce designated documents) "at a specified time and place," and "set out the text of Rule 45(d) and (e). Rule 45(a)(2) requires that the subpoena be "issue[d] from the court where the action is pending," and Rule 45(a)(3) allows an attorney to "issue and sign a subpoena if the attorney is authorized to practice in the issuing court." Rule 45(c) provides that "[a] subpoena may command a person to attend a trial, hearing, or deposition" within "100 miles of where the person resides, is employed, or regularly transacts business in person."

Additionally, a subpoena must seek only information that is discoverable pursuant to Federal Rule of Civil Procedure 26. *See S.L.*, 2019 WL 8163805, at *2 ("The scope of discovery allowed under a Rule 45 subpoena is the same as the scope of discovery allowed under Federal Rule of Civil Procedure 26."); *see also Ow v. United States*, No. 17-cv-00733, 2018 WL 6267839, at *1 (N.D. Cal. June 12, 2018) ("The scope of the discovery that can be

1  requested through a subpoena under Rule 45 is the same as the scope under Rule 26(b).").

2  Accordingly, a subpoena must seek information that is "*relevant* to [a] party's claim or

3  defense." Fed. R. Civ. P. 26(b) (emphasis added).

4      Finally, to be properly served, a Rule 45 subpoena must be "deliver[ed]" to the witness

5  by a "person who is at least 18 years old and not a party." *See* Fed. R. Civ. P. 45(b)(1). "[I]f

6  the subpoena requires that [witness's] attendance," "fees for 1 day's attendance and the mileage

7  allowed by law" must also be tendered. *Id.*

8      Here, the Subpoena is valid and properly served. *First*, the Subpoena meets all of the

9  requirements set forth in Rule 45(a) and (c). It states the court from which it was issued, the

10 title of the action (and that action's civil-action number), commands ▓▓▓ to sit for a

11 deposition at a particular time and place, and sets out the text of Rule 45(d) and (e). Likewise,

12 the Subpoena was issued by the United States District Court for the Southern District of Florida,

13 the district in which the Florida Action is pending. The Subpoena was signed by Plaintiffs'

14 attorney, Mr. Freedman, who is admitted to practice in the issuing court. Moreover, as noted

15 above, the place for compliance is within 100 miles of ▓▓▓▓▓▓▓▓▓▓▓▓.

16     *Second*, the information sought by the Subpoena is proper. As explained above,

17 Plaintiffs seek information from ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

18 that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓ The court in the Florida Action has already found,

19 pursuant to Rule 26, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

20 ▓▓▓▓. As a result, the information that Plaintiffs seek from ▓▓▓ pursuant to the

21 Subpoena is discoverable under Rule 45.

22     *Third*, the Subpoena was properly served when, on March 12, it was handed to ▓

23 ▓▓, along with the necessary witness fees.

24     Accordingly, because the Subpoena is valid and was properly served, ▓▓▓ should

25 be compelled to comply with it and sit for a deposition, as reflected in the Proposed Agreed

26 Order.

27     **b.  ▓▓▓▓▓ Contentions and Points of Authority**

28

1  ▇▇▇ does not contest the fact that the subpoena was validly issued and served. As
2  discussed above, ▇▇▇ initial objection was premised on the privacy protections of the
3  United States and California Constitution and the fact that the testimony originally
4  contemplated could subject ▇▇▇
5  ▇▇▇
6  ▇▇▇. Finally, ▇▇▇ originally objected to the need to sit for a deposition due to the
7  COVID-19 pandemic. Due to extensive meet and confers with counsel, ▇▇▇ has
8  withdrawn these objections subject to the agreement of counsel reflected above to the limits of
9  that deposition but only if the Court orders the protections sought by this motion and the
10 accompanying motion to seal. If the Court were to decline to do so, ▇▇▇ would have no
11 choice but to stand on those objections to protect himself and his family. If the Court were to
12 decline to grant those protections, ▇▇▇ reserves the right to brief more fully the privacy
13 and safety issues at stake.

### III.  CONCLUSION

For the foregoing reasons, the parties respectfully request that the Court enter the Proposed Agreed Order Granting Plaintiffs' Motion to Compel Compliance with the Subpoena.

Dated: April 15, 2020

Respectfully submitted,

*/s/ Katherine Eskovitz*
Katherine Eskovitz (SBN 255105)
**ROCHE CYRULNIK FREEDMAN LLP**
158 26th Street, Suite 175
Santa Monica, CA 90403
Telephone: (929) 457-0050
keskovitz@rcfllp.com

Velvel (Devin) Freedman, Esq.
Florida Bar No. 99762
200 S. Biscayne Blvd, Suite 5500
Miami, Florida 33131
Telephone: (305) 357-3861
vel@rcfllp.com
nbermond@rcfllp.com

*Counsel to Plaintiff Ira Kleiman as Personal Representative of the Estate of David Kleiman and W&K Info Defense Research, LLC*

JOINT STIPULATION REGARDING MOTION TO COMPEL

| | | |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | Dated: April 15, 2020 | */s/ Richard Buckner* |
| 4 | | Richard Buckner<br>**GLASER WEIL LLP**<br>10250 Constellation Blvd., 19th Floor |
| 5 | | Los Angeles, CA 90067<br>Telephone: (310) 282-6221 |
| 6 | | rbuckner@GlaserWeil.com |
| 7 | | *Counsel to* █████████ |

-8-

JOINT STIPULATION REGARDING MOTION TO COMPEL