# EXHIBIT 8

**ROCHE CYRULNIK FREEDMAN LLP**
KATHERINE ESKOVITZ (SBN 255105)
158 26th Street, Suite 175
Santa Monica, CA 90403
Telephone: (929) 457-0050
keskovitz@rcfllp.com

VELVEL (DEVIN) FREEDMAN (Fla. Bar. No. 99762)
200 S. Biscayne Blvd, Suite 5500
Miami, FL 33131
Telephone: (305) 357-3861
vel@rcfllp.com

Attorneys for IRA KLEIMAN, as Personal
Representative of the Estate of David Kleiman,
and W&K INFO DEFENSE RESEARCH, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| IN RE SUBPOENA TO ███ ███ | Misc. Case No. 20-MC-_____ |
| IRA KLEIMAN, as the personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>CRAIG WRIGHT,<br><br>Defendant. | Underlying Litigation:<br>Case No. 9:18-cv-80176-BB<br>United States District Court<br>Southern District of Florida<br><br>**PLAINTIFFS' APPLICATION FOR LEAVE TO FILE CASE UNDER SEAL**<br><br>[LOCAL CIVIL RULE 79-5.2.1(a)(ii)] |

APPLICATION FOR LEAVE TO FILE CASE UNDER SEAL

1  　　　　Pursuant to Local Civil Rule 79-5.2.1(a)(ii), Ira Kleiman, as personal representative of
2  the Estate of David Kleiman, and W&K Info Defense Research, LLC (collectively, "Plaintiffs")
3  respectfully submit this Application for Leave to File Case Under Seal.
4  　　　　Plaintiffs commenced this miscellaneous action to enforce a subpoena issued pursuant to
5  Federal Rule of Civil Procedure 45 to ▆▆▆▆ by the United States District Court for the
6  Southern District of Florida (the "Subpoena").  The Subpoena was issued in connection with an
7  action pending in that district, *Ira Kleiman et al. v. Craig Wright*, No. 9:18-cv-80176 (S.D. Fla.)
8  (the "Florida Action").  In the Florida Action, Plaintiffs allege that Dr. Craig Wright, the self-
9  proclaimed co-inventor of bitcoin, misappropriated billions of dollars in bitcoin and intellectual
10 property from Plaintiffs.
11 　　　　As Plaintiffs explain in their Motion to Compel (filed with this Application), Plaintiffs
12 seek to depose ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆
13 ▆▆▆▆ that Dr. Wright, the defendant in the Florida Action, has claimed ownership over.  The
14 fact that ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ is highly sensitive and, as explained
15 below, a sufficient basis for sealing Plaintiffs' Motion to Compel and the documents filed
16 therewith.
17 　　　　"Historically, courts have recognized a 'general right to inspect and copy public records
18 and documents, including judicial records and documents.'"  *Miotox LLC v. Allergan, Inc.*, No.
19 2:14-cv-08723, 2016 WL 3176557, at *1 (C.D. Cal. June 2, 2016) (quoting *Kamakana v. City*
20 *& Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)).  Accordingly, "a strong presumption
21 in favor of access [to such records] is the starting point" for determining whether sealing is
22 appropriate.  *Id.* (citations omitted).  Consistent with that presumption, "[w]hen a party seeks to
23 seal a document that is part of the judicial record, it must," in general, "show 'compelling
24 reasons' for doing so."  *Albee v. Cont'l Tire N. Am.*, No. 09-cv-1145, 2010 WL 541885, at *1
25 (E.D. Cal. Dec. 23, 2010) (quoting *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir.
26 2010)).  "Nevertheless, "where the documents sought to be sealed are unrelated or only
27 'tangentially related' to the underlying cause of action, the presumption of public access can be
28

-1-
APPLICATION FOR LEAVE TO FILE CASE UNDER SEAL

1  overcome simply by showing 'good cause.'" *Id.* (quoting *Ctr. for Auto Safety v. Chrysler Grp.,*
2  *LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016)).  This less stringent standard applies under such
3  circumstances because the public interest in accessing such documents is "weaker." *Sawyer v.*
4  *Bill Me Later, Inc.*, No. 10-cv-04461, 2011 WL 13217237, at *1 (C.D. Cal. June 22, 2011).
5        Motions concerning Rule 45 subpoenas are "tangentially related to the underlying
6  action." *See Moussouris v. Microsoft Corp.*, No. 16-mc-80170, 2016 WL 5870010, at *1 (N.D.
7  Cal. Oct. 7, 2016) (motion to quash); *see also In re Qualcomm Litig.*, No. 3:17-cv-0108, 2018
8  WL 3831288, at *2 (S.D. Cal. Aug. 13, 2018) ("Discovery motions are typically treated as non-
9  dispositive motions such that the 'good cause' standard applies."); *Sawyer*, 2011 WL 13217237,
10 at *1 ("Nondispositive motions 'are often unrelated, or only tangentially related, to the
11 underlying cause of action.'" (internal quotations omitted)); *cf. In re Application of Med.*
12 *Research Council for Order*, No. 15-mc-80213, 2016 WL 146077, at *2 (N.D. Cal. Jan. 13,
13 2016) (motion for issuance of subpoena).  Accordingly, for such motions, "the party seeking to
14 seal information need only show there is 'good cause' to seal the information 'to protect a party
15 or person from annoyance, embarrassment, oppression, or undue burden or expense.'"
16 *Moussouris*, 2016 WL 5870010, at *1 (quoting *Ctr. for Auto Safety*, 809 F.3d at 1097-1101)
17 (internal quotations omitted); *see also Selling Source, LLC v. Red River Ventures, LLC*, No.
18 2:09-cv-01491, 2011 WL 1630338, at *1 (D. Nev. Apr. 29, 2011) (applying good-cause
19 standard to motion to quash).
20      "Non-party privacy interests, particularly those related to sensitive matters," are
21 "sufficient to satisfy the 'good cause' standard for sealing." *Chloe SAS v. Sawabeh Info Servs.*
22 *Co.*, No. 11-cv-04147, 2015 WL 12734004, at *3 (C.D. Cal. Feb. 4, 2015) (collecting cases).
23 For example, in *Nursing Home Pension Fund v. Oracle Corp.*, the court held that a non-party's
24 "request to seal [his] personal financial information [met] the 'good cause' standard given his
25 non-party privacy interest."  No. 01-cv-00988, 2007 WL 3232267, at *4 (N.D. Cal. Nov. 1,
26 2007).  Likewise, in *Benedict v. Hewlett-Packard Co.*, the court granted a motion to seal third-
27 party information, including addresses, phone numbers, and email addresses.  No. 13-cv-00119,
28 2014 WL 233827, at *3 (N.D. Cal. Jan. 21, 2014); *see also In re Koninklijke Philips Patent*

APPLICATION FOR LEAVE TO FILE CASE UNDER SEAL

*Litig.*, No. 18-cv-01885, 2019 WL 2359206, at *4 (N.D. Cal. June 4, 2019) (noting that "courts have found" witnesses' addresses and phone numbers "should be kept confidential to protect an individual's privacy interests and 'prevent exposure to harm or identity theft'").

      Here, Plaintiffs seek to file their Motion to Compel—a routine discovery motion—under seal. Because that motion is only tangentially related to the merits of the underlying Florida Action, the good-cause standard described above applies.[1] Plaintiffs have plainly met that standard. Indeed, Plaintiffs seek to file their Motion to Compel under seal in order to protect the privacy interests of ▮▮▮▮ (a nonparty witness) and his family. Those interests are, as explained below, significant. Furthermore, ▮▮▮▮ alleges that he has a risk of personal safety to him and his family.

      Plaintiffs commenced this action solely to enforce the Subpoena. Because the Subpoena can only be enforced if it seeks information relevant to the claims or defenses at issue in the Florida Action, Plaintiffs' Motion to Compel explains why ▮▮▮▮ anticipated testimony is relevant to those claims and defenses. *See Shinedling v. Sunbeam Prods. Inc.*, No. 12-cv-438, 2013 WL 12142945, at *2 (C.D. Cal. July 26, 2013) (noting that Rule 45 subpoenas are "subject to the relevance requirements set forth in Rule 26(b)"). As a result, Plaintiffs' Motion to Compel *necessarily* provides an overview of the testimony that Plaintiffs expect to elicit from ▮▮▮▮.

      The nature of that testimony is highly sensitive. As noted above, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. A bitcoin address is a virtual address associated with a particular person (like a bank account) to which bitcoin may be sent or received, and in which bitcoin may be held. But unlike a bank account, a significant amount of information regarding a bitcoin address—including the amount of bitcoin associated with that address and the transaction history associated with that address—is publicly available.

---

[1] The fact that Plaintiffs were required to commence a new action, this miscellaneous action, to enforce the Subpoena does not alter the applicable standard. *See, e.g., Moussouris*, 2016 WL 5870010, at *1 (applying good-cause standard to miscellaneous action to quash subpoena). Nor does the fact that Plaintiffs seek to file their entire motion under seal, as opposed to some attachment to that motion. *See United Rentals, Inc. v. Ahern Rentals*, No. 2:12-cv-01876, 2012 WL 5418355, at *1 (D. Nev. Nov. 2, 2012) (entire complaint could be filed under seal, where complaint "necessarily disclose[d]" confidential information).

-3-

APPLICATION FOR LEAVE TO FILE CASE UNDER SEAL

Not all information about bitcoin addresses is publicly available, though, and information about ownership over bitcoin addresses is private.

Nevertheless, once the owner of a given bitcoin address is publicly known, *anyone* can determine (1) how much bitcoin the owner has stored at that address, (2) how much bitcoin has been sent to that address, (3) the date on which each bitcoin was sent to that address, (4) the address from which each bitcoin was sent, (5) how much bitcoin has been sent from that address, (6) the date on which each bitcoin was sent from that address, and (7) the address to which each bitcoin was sent.  Accordingly, ███████████████████████████ ████████████████████████████████████████████████████████████████████████. As a result, good cause exists to prevent the disclosure of such information.  *Cf. Soria v. U.S. Bank N.A.*, No. 17-cv-00603, 2019 WL 8167925, at *4 (C.D. Cal. Apr. 25, 2019) (sealing proper under more stringent compelling-reason standard, where document contained bank account numbers).  Furthermore, ████████████████████████████████ ████████████████████ can expose that person to the danger of extortion, kidnapping or even murder.  And that a series of articles documenting these risks can be found by googling the phrase ███████████  Sealing is, therefore, imperative here to protect, not just the privacy, but ████████████████, the physical safety of him and his family.

Although Plaintiffs do not expressly identify ████████████████ in their Motion to Compel or ██████████████████████████, Plaintiffs believe that, if their motion were public, ████████████████████████████████████████████████ ████████████████.

Given the highly sensitive nature of information ███████████████████████ ████████████████████████████████████████████████████████████████████████ ████████████ if Plaintiffs' Motion to Compel were disclosed, good cause exists to seal that motion.[2]

---

[2] Indeed, even if the Court concluded that the more stringent compelling-reason standard applied, Plaintiffs have satisfied that standard.  "The Ninth Circuit has found that compelling reasons exist to keep personal information confidential to protect an individual's privacy interest and to prevent exposure to harm or identity theft."  *Nursing Home Pension Fund*, 2007 WL 3232267, at *2.  Consistent with that finding, courts routinely find that "compelling reasons exist to seal sensitive personal information such as financial information, medical records and conditions,

For the foregoing reasons, Plaintiffs respectfully request that the Court seal Plaintiffs' Motion to Compel Compliance with Subpoena, and the documents filed therewith.

Respectfully submitted,

Dated: April 15, 2020

/s/ Katherine Eskovitz
Katherine Eskovitz (SBN 255105)
**ROCHE CYRULNIK FREEDMAN LLP**
158 26th Street, Suite 175
Santa Monica, CA 90403
Telephone: (929) 457-0050
keskovitz@rcfllp.com

Velvel (Devin) Freedman
Florida Bar No. 99762
200 S. Biscayne Blvd, Suite 5500
Miami, Florida 33131
Telephone: (305) 357-3861
vel@rcfllp.com
nbermond@rcfllp.com

*Counsel to Plaintiff Ira Kleiman as Personal Representative of the Estate of David Kleiman and W&K Info Defense Research, LLC*

---

phone numbers, and addresses." *Hadley v. Kellogg Sales Co.*, No. 16-cv-04955, 2018 WL 7814785, at *3 (N.D. Cal. Sept. 5, 2018); *see also FDIC v. Tarkanian*, No. 10-cv-980, 2012 WL 1327856, at *2 (S.D. Cal. Apr. 17, 2012) (sealing proper, where documents contained "personal financial information"); *Soria*, 2019 WL 8167925, at *4 (sealing proper, where document contained bank account numbers).

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 15, 2020, I served the foregoing document to ▊ ▊ attorneys via email at rbuckner@glaserweil.com and pglaser@glaserweil.com.

/s/ *Katherine Eskovitz*
Katherine Eskovitz